*503 Curia per
Nott, J.
I do not discover any good ground For a new trial in this case. It is not material whether the case comes within the provisions of the act of 1815, or not. For if Youngblood was discharged from confinement or from the prison bounds by the directions of the plaintiff or his agent, it was a release of the surety, and the authority of the agent is not questioned. The order to the sheriff is not very explicit; it is that he should “ stay proceedings” against him. It was known that he was then in actual custody, and to stay poeeedings, must mean to cease to hold him in custody, or it could mean nothing. The sheriff had a right to give it that construction. The decision in the case of Miller and Bagwell, in 3d M‘Cord, does not reach this case. The Court then held that the surety to the sheriff could not surrender his principal. That is no part of the condition of the bond. The object of the bond is to indemnify the sheriff against an escape. But we have never held that if the sheriff discharge the prisoner himself, that it will not release the surety, although he may make himself liable. I am of opinion, therefore, that the motion ought to be refused. New trial refused.